Thank you, Mr. Cunningham. Our final case today is Suburban Mortgage v. United States. Mr. Freeman? Good morning, Your Honor. I may appease the Court, Mark Freeman, on behalf of the Department of Housing and Urban Development. Account 1 of Suburban's complaint, for all intents and purposes, states a claim for breach of contract, and it belongs in the Court of Federal Claims for two reasons. First, the APA's waiver of sovereign immunity in 5 U.S.C. 702 does not, by its own terms, apply to any claim for relief on a contract. And that's because, as this Court has acknowledged, as the D.C. Circuit has held, and as the legislative history of that provision is quite clear, the Tucker Act impliably forbids, in the language of Section 702, any kind of contractual relief under the APA. So if you agree with us that Suburban's claim in substance seeks contractual relief, then that's the beginning and the end of the jurisdictional analysis. In this case, it should be transferred. But even if you don't agree with that point, the second point is that Suburban has here an entirely adequate remedy in the Court of Federal Claims. They don't dispute our claim that the Court of Federal Claims has, in the past, previously adjudicated claims for breach of a HUD contract of mortgage insurance. They also don't dispute that if they were to bring such a claim and succeed on it, that as expectation damages for the breach, they would recover what HUD has not provided for them. Are they asking for damages, or are they asking for specific performance, some kind of injunctive relief? Yes. Well, they had two counts in their opening complaint, Your Honor. The second one quite clearly sought what you mentioned. It said, I believe it was entitled, breach of contract, colon, request for specific relief under Section 702 of the APA. The district court threw that one out because it's clearly a contract claim. Yes, absolutely. And our point is that the first claim is no less a disguised claim for contractual relief. By the way, in the first complaint, this is an amended complaint. Were both of those counts in the first complaint as well? Do you know offhand? I believe they were effectively the same, Your Honor. The first complaint was filed on the day that we declined to accept it. But the relevant complaint, for our purposes, appears at page 32 of the appendix, and count one in particular on page 42 of the appendix. And now I just want to focus on the language of that count. It says declaratory judgment for HUD to comply with its obligations pursuant to Section 232 of the National Housing Act. Now, the point that we think is most important here is that Suburban has never identified any actual provision of the National Housing Act that we have violated. After all, the only reason why there is a relationship between HUD and Suburban in this case is because Suburban applied to us for a contract for insurance. We gave them a contract for insurance. Then the insured event, the default of the mortgagee, occurred. But, Mr. Freeman, I've read the briefs, and the blue brief, the triangle brief, I assume this is, is replete with heart-rending concerns about the way the government has treated for Suburban. And so he wants some help because the government's been working, you won't provide the administrative record, you're engaging in activity which is falsely reporting for them, accusing them of all kinds of bad things, they're on the verge of bankruptcy, and so on. If all that's true, that's a pretty sorry record. So my question is a simple one to you. If, and I don't say this is the panel's decision in any sense, but from my own view, if perhaps the panel should decide that this case actually is, as you have been arguing, a contract-based case, the Court of Federal Claims, is that simply another opportunity for the government to jerk them around and raise issues of no jurisdiction in the Court of Federal Claims because it's raining or some of the other grounds on which the government often raises jurisdictional arguments? And are you going to drag your feet at every opportunity, or are you going to give these people an actual hearing on the merits and decide all this stuff about whether Suburban was engaged in fraud? Can you tell us, for the record, what the government's intentions are in the light of the rather serious, I don't know if they're allegations, but statements about the government's unwillingness to meet them? Yes. Your Honor, in response to your question, the case can and we think will go forward in the Court of Federal Claims. To be very clear about what's at stake here, it is, in a word, discovery. On their theory of the case, they want us to prove on the record in an administrative procedure act format that they committed fraud. And our view is that this is a contractual claim, and the United States, just like every other litigant to a contractual fight, and that's very clearly what this is, is entitled to all the tools of civil litigation, including discovery. And we want discovery from Suburban. And the only way we get that is in the Court of Federal Claims. And I think it stands to reason this is a fraud case, and fraud arguments, defenses and affirmative arguments are difficult to prove without information. And we, like any other litigant under a contract, are entitled to those tools. And that's why we're here seeking that relief. Now, we have no doubt that there is a contract for insurance between HUD and Suburban Mortgage, and Suburban doesn't deny it. They say in the brief, we have a contract for insurance. So in direct response to your question, Your Honor— Fraud at what point, in the inception or after the inception of the contract? Fraud in the inducement, Your Honor. This is our argument. This is that Suburban made material representations in inducing HUD to enter into an agreement for mortgage insurance that they knew at the time to be false, and we intend to prove that in our brief. Your view is the issue, or your view, what you're telling us, is that what's really going on here is that you want discovery, and you'll get that in a contract suit, but it doesn't look like you'll get that in an APA suit. Normally, we wouldn't. But I do want to be clear. The issue here isn't—we in this courtroom don't get to decide whether this is the sort of claim where discovery ought to or ought not to be available. Congress has made that determination because the APA format of on-the-record administrative review is not available for a breach of contract suit. And I just think it's important to just take a step back and look at this case from 50,000 feet. HUD granted a contract for mortgage insurance to Suburban. We know the facts. Yes, but my point is simply that this case can simply be viewed as one who breached first. We don't deny we haven't paid them. The insured event occurred, and we haven't paid them the insurance proceeds. They say we owe it to them. And you say that you have an excuse under the incontestability clause. No, what we say is that the incontestability clause is their best effort, as far as I can tell, to identify any ground on which the statute requires us to accept assignment of the defaulted mortgage. And our point about the incontestability clause is simply that it preserves the Secretary's right to do exactly what she's done in this case or has done in this case, which is to dispute the validity of the contract of insurance based on fraud or misrepresentation. So our point is simply this is a contract case. Now, all of this stuff in there briefed about how we're not giving them the administrative record. We've been stalling and delaying. With respect, I don't think it goes directly with the jurisdictional question. But with respect, I think that gets matters exactly backwards. Suburban was free from the outset to bring this case in the Court of Federal Claims, as these kinds of cases have been brought in the past. And we've been saying for months and years now, sue us in the Court of Federal Claims. You'll get discovery, but so will we. And we think that's the part that's the stickler for them. So HUD here is not hiding anything. Everything that's in the record, they'll get in discovering the Court of Federal Claims. The point is they've got to play by the same rules. Now, even if this weren't a contractual case, as I say, I do want to hit on this Section 704 point because there is no doubt in my mind, and I don't think there's any doubt on this record, that they would have an adequate remedy even if for some theoretical reason this weren't a, quote, contract case. Because in a suit for breach of contract, what is at issue at the bottom of this case is the payment of the mortgage insurance proceeds. And that's what they would be entitled to if they sued and proved that we had that contractual obligation, there was no valid defense, and we should have paid them. That would be their expectation damages. Now, they say, whoa, whoa, whoa, there is an ongoing relationship between the parties, referring to some of this Court's decisions that suggest that 704 adequate remedy does not lie, where there is an ongoing prospect of relationship along the lines that the Supreme Court contemplated in Bowen. And I just want to address that because, with respect, it's a complete misnomer. If we step into their shoes as the lender, then we have an ongoing relationship with the borrower. But we don't have an ongoing relationship with Suburban, the former lender. They're out of the picture. The only relationship between Suburban and HUD in this case is the contract for insurance. And the insured event has now occurred. The only question is whether they're entitled to the money. That is precisely the sort of claim that the CFC does often and regularly within its jurisdiction adjudicate. For that reason, they have an adequate remedy. You're drawing some parallels with the Con Ed case. Yeah. Well, yes and no. I mean, Con Ed was different.  Our point with the Con Ed case is simply that in that case the court reiterated that if there is an adequate remedy in the court of federal claims, then the APA does not provide a cause of action, and indeed the APA's waiver of sovereign immunity is not available. And that's, we think, perfectly clear here. In many ways, indeed, it's a simpler case than Con Ed because this is a contractual claim of the kind that the CFC regularly adjudicates. In fact, if I may, I think the more appropriate analogy would be the case out of Texas, the name of which eludes me for the moment. We've cited it in our brief, where this court held that the Fifth Circuit You're too young to start having something like that. Too many of these cases for us. where this court held that a declaratory judgment entered by the Fifth Circuit that HUD had breached a contract was beyond the court's jurisdiction under the APA. And from that, I would just refer the court back to the title of count one of Suburban's complaint at page 42 of the appendix, which is declaratory judgment that HUD has failed to comply with its obligations. They're seeking exactly the sort of relief that this court held in that case is not available under the Administrative Procedure Act. Here's my problem with your position. Katz v. Cisneros, you're familiar with that case. We might concede that there was a brilliant dissent if we wanted to. But the problem is it was a dissent. Yes. That was your dissent, Judge, in case you've forgotten. The problem is it was a dissent. Yes. I don't think Katz helped Suburban here at all. This court in the Brighton Village Associates case made very clear that Katz was a case where there was no contract between HUD and the plaintiff. In that case, I believe it was a Section 8 landlord who was suing HUD to compel HUD prospectively to change the way it calculated contract rents. And what the court pointed out was that the actual contract in that case was between the landlord and the local housing authority. And the court said, what is missing here is I believe the court's grace with the sinquanon of jurisdiction in the Court of Federal Claims, which is contractual privity. Now, of course, we do have contractual privity here. Suburban concedes that we have contractual privity. And in the Brighton Village Associates case, that was a case on very similar facts where there was contractual privity. And the court distinguished Katz and said, yes, this case does belong in the Court of Federal Claims. It does arise under the Tucker Act. So we don't think Katz helped them here at all. Unless the court has further questions, I'll reserve the rest of my time. The case that alluded you earlier was Christopher Village? That's correct, Your Honor. Thank you. Thank you, Mr. Freeman. Mr. Sheingold. Thank you, Your Honor. First point that I'd like to make is that in the U.S. District Court, HUD has already found that Suburban has committed fraud. They've made that finding. I'm not sure what discovery they need at this point. And they presumably have an administrative record, although they declined to provide it. Secondly, I think it's interesting to note that while the— Isn't that what you mean? Well, they've made their own— The court hasn't made findings. The court hasn't found it, but they've made their own— Well, findings, in case I'm familiar with it, findings are usually made by courts, not by parties. Right, by parties. Oh, OK. I just wanted to be sure who was finding what, that's all. HUD has made internally its own determination. I see. OK. Now, a second point that I think is rather interesting is— Well, if this was simply, Your Honor, a breach of contract case, they could. But it is well beyond that. And, in fact, I can direct you to the statute to— Don't you think it's appropriate for them to be able to explore that allegation? Well, I think it's actually appropriate for Suburban to be able to explore what led them to make that allegation. Well, the government says you can do that in a contract suit in the Court of Federal Claims. In the Everman National Bank case from this court in 1985, you had almost this exact situation where a misrepresentation voided a contract guarantee made by the Farmers' Home Loan Administration. Why isn't this just like that? Well, I think that that was a different situation. Again, it was the FMHA. There was not—the contractual language concerning the incontestability clause, I believe— You know, there were two of these cases, and I can't remember which one. Contracts, again. That sounds to me like exactly what we send to the Court of Federal Claims for them to decide the contractual nature. I actually spoke there. The statute has a different incontestability clause with a number of different requirements. But what we're so concerned about with respect to the Court of Federal Claims is that if we don't get relief very quickly, and the district court recognized this, we will be essentially bled to death. So Suburban needs injunctive relief. It is currently paying to the Ginnie Mae investor about $73,000 a month because HUD has not accepted the assignment. Isn't the quickest way to get this resolved to simply concede and transfer this to the Court of Federal Claims and get this moving forward? I don't think so, Your Honor, because the U.S. district judge right now is poised, and if you send it back to him, and ready to make a decision based on the administrative record. On the fraud point, they have evidence of fraud after the inception of the contract, which has raised the question of fraud in the inception of the contract itself, which is what they would like to explore in discovery. So what they'd like to do is not exactly what's going to be addressed at all by the district court. Isn't that correct? Well, it may or may not be correct. Why would you avoid a full airing of all the issues in the one forum where it can be done? The main reason is that we need prompt injunctive relief, otherwise we will be put out of business. Is the district judge prepared to give you a preliminary injunction based on these pleadings? The district judge is poised to rule on the APA administrative record in a prompt fashion. But you don't have the administrative record. We don't have it yet. It's been withheld. So he can't be poised to rule on it because he doesn't have it. But if you send it back, Judge Plager, to the district court, the government will presumably have to provide the administrative record very quickly, and then we can all move forward very quickly. Can't we move just as quickly in the Court of Federal Claims? I know the Court of Federal Claims has plenty of time on their hands and plenty of opportunity to take your case up as a first matter. We can even drop a footnote and say this will need some quick attention. And you heard them concede they're not going to raise irrelevant issues like jurisdiction? No, I appreciate that. You appreciate that? Maybe you'll move faster over there. And it is a contract, after all. At the Federal Circuit's Judicial Conference, Chief Judge Damage spoke and stated that the average case there, contract case, takes two years from start to completion. If you add that to that— Ask for preliminary relief? If you add to that the appeals process here, probably from the decision on the merits, Suburban will be out of business very shortly. When did you file in the district court? We filed in the district court in, I believe, April of 2005. 2005. Yes. Could you at that time have filed this suit in the Court of Federal Claims? We could have. By the way, Boland and the decision of this court in the National Center for Manufacturing Sciences notes that a case could go to either place. It's not an either-or proposition. So you could have filed in the Court of Federal Claims? Well, there's a possibility we could have. It's very clear you could have. The question is whether they would have jurisdiction, I suppose. I should restate the question. Could you have filed in the Court of Federal Claims and had a reasonable shot at jurisdiction in that court? I think that we would have had perhaps solely on the narrow contract issues, but we're asking for relief beyond the narrow contract issues here. You don't want money? We're not, in the first instance, actually asking for money. Will money, if we get all the relief we want, will we receive money ultimately? We probably will. We probably will. Well, no. Well, Judge Pender. Would you be satisfied if all you got was a declaratory judgment that said something like, yes, you can give this thing back to the government, but the government will have no obligation to pay you a penny? No, I wouldn't be happy with that. No, I didn't think you would. Because what we would want, at the very minimum, we would want an order finding, this is from the district court, assuming it said that, that the actions of the government under 12 U.S.C. 1709E in determining fraud and misrepresentation were arbitrary and capricious, filing the APA, and that the matter should be sent back for expeditious and prompt review pursuant to statute and regulation. Actually, we're asking for more. That statute requires that the insurance contract be assigned, that they accept assignment. But I am. Short of the assignment, your business predicament, your financial condition is not going to change a bit. Correct? That is correct. As a small business. Isn't that what you ultimately need? That is what we ultimately need. What it comes down to is you need the money. We think that that absolutely will happen if an arbitrary and capricious finding is made and the district court instructs the agency to promptly follow statute and regulation. But that would also happen if you get a favorable result from the Court of Federal Claims? Well, let me explain in that regard. I think that the Court of Federal Claims, the decision will be limited to the contractual issues. And here, HUD has Can I ask you flat out whether you're trying to protect Mr. Giordano here, who is controlling both in the nursing home and in the suburban mortgage company, and there's at least an allegation that he's let the nursing home go bankrupt knowing the government will have to pick up the bill and use suburban to accomplish that particular delicate maneuver. That's suggested by footnote 9 in the blue brief. Is that what we're trying to avoid confronting here? No, I don't think so. Which is all just allegation, and I'm not suggesting it's anything other than that. But it's a substantial allegation. Yeah, and I agree it's a substantial allegation, although, as you noted, it's only an allegation. That's correct. We do not represent Mr. Giordano. And let me also note that But he is what, a leading member of the suburban board? There are three Three, and he's one of the three. There are three members of the board. He was one of the three members. He was not chairman of the board or president of the company and did not have authority To the extent that he has misused his authority within suburban and misused suburban's funding and abilities, that would reflect rather poorly on suburban, should this allegation be proven correctly. Correct? It wouldn't reflect well. However, he would be acting outside the scope of his authority. I commend you on your candor. That's actually helpful. But he would have acted outside the scope of his authority. Let me make one very important point now. He no longer owns a 50% share of the company. That's the most that he ever owned. He never controlled the company. It is now in trust, and in fact, we do not know who controls the 50%. Also, I do not know, because we don't represent Mr. Giordano, the status of the investigation. All of that is yet to be determined by proper authority, isn't it? That's correct. Well, the government may be able to tell us what the status of the investigation is. Now, one other point that I think is— What would be the consequences in terms of future litigation by other litigants? If we—you see, you've now put us in a position where we have to declare that it's okay to bypass the Court of Federal Claims if you have a contract dispute, but you carefully craft your allegations in a way that sounds in the APA. Now, how do we cabin that new outlet for litigation to reduce the risk of forum shopping? I don't think that that is a real concern here, because there's some fairly explicit case laws—CATS, National Center for Manufacturing Sciences, and various other cases that were noted. And here, for example, we are— Well, first let me say those cases make it clear that just because you have a contract doesn't mean that it has to come to the Court of Federal Claims, as the government has suggested in its briefs. In fact, those cases have made clear that there are a number of contract cases that are properly in the district court. But second, CATS in particular made clear that a case properly belongs in the district court when the issue is the actions of the government as a regulator. And that is what we have here. We are complaining about the government's actions under 12 U.S.C. 1709E, which says that the validity of a contract of insurance so executed shall be incontestable except for fraud, basically. And they made a fraud determination, and we are asking for a review of that, and prompt review, and we're afraid that we will not get it in the Court of Federal Claims, and that's why we initially went to the U.S. District Court. But fraud is not unheard of. In fact, it's a fairly familiar defense in contract litigation, isn't it? I mean, there's nothing special about a fraud allegation to try to resist contract enforcement. The restatement of contract got a half a book on those allegations and what you do about it. That certainly doesn't distinguish this from a mine run contract case. Is it your suggestion that if the contract is with a regulatory agency, then the APA is the proper form to determine it? No, I wouldn't be suggesting that. In fact, what is at issue are the actions of an agency in its regulatory capacity acting as a regulator where the agency had to make a determination of, for example, fraud, and they did here, and they didn't provide us notice or a form to engage them with in that. I think that if that's the case, then it belongs in the district court where you're challenging their actions as a regulator. Just because there's a payment of money, as the case law makes clear, doesn't mean that it's money damages. Bowen did that for us. Well, actually, Judge Bork started it in Maryland with the Department of Health and Human Services. Bowen picked it up. Katz picked it up. National Center for Manufacturing Sciences then picked it up. Now, I did one point that I want to make, just as time is starting to expire for me, is that if this is such a contractual case, it's interesting to note that the joint appendix, well, the appendix, which the government prepared, does not include the contract documents. Well, as I understand, there are no contract documents. What they do is they simply endorse the original mortgage, not once but twice, which I take it they did in this case. They did once. They did the initial endorsement. But not the second. But in any event, they don't issue a separate set of nice contract documents, which is just as well because I've yet to see a government contract that is worth hearing. Careful. Sorry. That relates to some of our other cases. Strike that from the record. But that is right, isn't it? There are no contracts. Do you have any final thoughts here? There is a three-page contract document that is, as you said, endorsed and which pulls into the contract the various HUD regulations. And that's not in the record, surprisingly. Thank you, Mr. Feingold. Mr. Freeman, you have a little over two minutes. Thank you, Your Honor. I'll just make a few points. First, on the contract documents point, the judge is exactly correct. Of course, there's just an endorsement. So besides, this is an appeal on APA and top characteristics of grounds question is not the interpretation. Where would you draw the line that Bowen has left us having to do? Is there a line there, or is it just going to be an ad hoc-like takings litigation? Whatever the facts, we certainly play. Far be it from me, Your Honor, to disparage takings litigation. But I do think there's a line. This court itself has interpreted Bowen fairly narrowly, and I think rightfully so, pointing out that Bowen relied on the legislative history of the Medicaid statute, the unique federal-state relationship that was at stake there, and has generally interpreted Bowen, as have this court's sister circuits, to uphold the authority of the court of federal claims in contract cases that are outside of that unique cooperative federalism context. Secondly, on the specific question of the relationship between Bowen and contractual claims, the Supreme Court spoke to this recently in the Great West case cited in our brief, in which they explained that what made Bowen properly justiciable under the APA was Massachusetts' claim in that case for a prospective modification of the relationship between Massachusetts and the federal government. And the court said, if I can almost quote it from memory, it said, Bowen has no bearing on the unavailability of an injunction to compel the payment of contractual monies allegedly past due. And that's what we think we have in this case. So I don't think this court would be minting any new law if it were to hold that this is a contractual case and it belongs in the court of federal claims. The last point, just in my closing seconds, I do need to state, is that the government here primary contractual defense is fraud. We do expect, of course, to have other contractual defenses, not jurisdiction, but reasons why we don't think we owe them the money under the terms of the insurance policy. And we would just expect that to be litigated in the ordinary course. Thank you, Mr. Friedman. All rise. The honorable court is adjourned until tomorrow morning at 10 o'clock. Thank you.